# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re: POLAR HEATING & COOLING, INC        §   Case No. 09-01238

                                          §

                                          §

Debtor(s)                                §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under Chapter 7 of the United States Bankruptcy Code on January 16, 2009. The undersigned trustee was appointed on March 06, 2009.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of      $     62,478.23

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Administrative expenses | 0.00 |
| Payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]   $ | 62,478.23 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing claims in this case was 06/14/2010. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (9/1/2009)

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $6,373.73. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $6,373.73, for a total compensation of $6,373.73. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $34.09, for total expenses of $34.09.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 07/02/2010          By:/s/CHARLES J. MYLER
                                         Trustee

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 101-7-TFR (9/1/2009)

Exhibit A

Page: 1

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Case Number: 09-01238
Case Name:    POLAR HEATING & COOLING, INC

Period Ending: 07/02/10

Trustee:        (330510)    CHARLES J. MYLER
Filed (f) or Converted (c): 01/16/09 (f)
§341(a) Meeting Date:    03/15/10
Claims Bar Date:    06/14/10

| Ref.# | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Funds held by assignee for benefit of creditors  (u) | Unknown | 0.00 | | 62,459.72 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 18.51 | Unknown |
| 2 | Assets     Totals (Excluding unknown values) | $0.00 | $0.00 | | $62,478.23 | $0.00 |

Major Activities Affecting Case Closing:

Trustee has received funds held in account by assignee for benefit of creditors; will file final report

Initial Projected Date Of Final Report (TFR):    June 30, 2010

Current Projected Date Of Final Report (TFR):    July 31, 2010

Exhibit B

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

| | |
|---|---|
| Case Number: | 09-01238 |
| Case Name: | POLAR HEATING & COOLING, INC |
| | |
| Taxpayer ID #: | **-***5441 |
| Period Ending: | 07/02/10 |

| | |
|---|---|
| Trustee: | CHARLES J. MYLER (330510) |
| Bank Name: | JPMORGAN CHASE BANK, N.A. |
| Account: | ***-*****50-65 – Money Market Account |
| Blanket Bond: | $5,000,000.00  (per case limit) |
| Separate Bond: | N/A |

| 1 Trans. Date | 2 {Ref#} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Money Market Account Balance |
|---|---|---|---|---|---|---|---|
| 12/28/09 | {1} | Polar Heating & Cooling Creditors Trust Acct. | Funds held by assignee for benefit of creditors | 1229-000 | 62,459.72 | | 62,459.72 |
| 12/31/09 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 0.16 | | 62,459.88 |
| 01/29/10 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 2.46 | | 62,462.34 |
| 02/26/10 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 2.37 | | 62,464.71 |
| 03/31/10 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 2.80 | | 62,467.51 |
| 04/06/10 | Int | JPMORGAN CHASE BANK, N.A. | Current Interest Rate is 0.0500% | 1270-000 | 0.42 | | 62,467.93 |
| 04/06/10 | | Wire out to BNYM account 9200******5065 | Wire out to BNYM account 9200******5065 | 9999-000 | -62,467.93 | | 0.00 |

| | | | |
|---|---|---|---|
| ACCOUNT TOTALS | 0.00 | 0.00 | $0.00 |
| Less: Bank Transfers | -62,467.93 | 0.00 | |
| Subtotal | 62,467.93 | 0.00 | |
| Less: Payments to Debtors | | 0.00 | |
| NET Receipts / Disbursements | $62,467.93 | $0.00 | |

Printed: 07/02/2010 03:55 PM    V.12.06

# Form 2
## Cash Receipts And Disbursements Record

| Case Number: | 09-01238 |
|---|---|
| Case Name: | POLAR HEATING & COOLING, INC |

| Taxpayer ID #: | **-***5441 |
|---|---|
| Period Ending: | 07/02/10 |

| Trustee: | CHARLES J. MYLER (330510) |
|---|---|
| Bank Name: | The Bank of New York Mellon |
| Account: | 9200-******50-65 - Money Market Account |
| Blanket Bond: | $5,000,000.00  (per case limit) |
| Separate Bond: | N/A |

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Money Market Account Balance |
|---|---|---|---|---|---|---|---|
| 04/06/10 | | Wire In from JPMorgan Chase Bank, N.A. account *******5065 | Wire in from JPMorgan Chase Bank, N.A. account *******5065 | 9999-000 | 62,467.93 | | 62,467.93 |
| 04/30/10 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 2.99 | | 62,470.92 |
| 05/28/10 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 3.71 | | 62,474.63 |
| 06/30/10 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 3.60 | | 62,478.23 |

|  |  |  |
|---|---|---|
| ACCOUNT TOTALS | 62,478.23 | 0.00 |
| Less: Bank Transfers | 62,467.93 | 0.00 |
| Subtotal | 10.30 | 0.00 |
| Less: Payments to Debtors | | 0.00 |
| NET Receipts / Disbursements | $10.30 | $0.00 |

| Net Receipts : | 62,478.23 |
|---|---|
| Net Estate : | $62,478.23 |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| MMA # ***-*****50-65 | 62,467.93 | 0.00 | 0.00 |
| MMA # 9200-******50-65 | 10.30 | 0.00 | 62,478.23 |
| | $62,478.23 | $0.00 | $62,478.23 |

Printed: 07/02/2010 03:55 PM    V.12.08

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 09-01238
Case Name: POLAR HEATING & COOLING, INC
Trustee Name: CHARLES J. MYLER

Claims of secured creditors will be paid as follows:

*Claimant*                                              *Proposed Payment*

                            N/A

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | | Fees | Expenses |
|---|---|---|---|
| *Trustee* | CHARLES J. MYLER | $ 6,373.73 | $ |
| *Attorney for trustee* | Myler, Ruddy & McTavish | $ 8,402.50 | $ |
| *Appraiser* | | $ | $ |
| *Auctioneer* | | $ | $ |
| *Accountant* | | $ | $ |
| *Special Attorney for trustee* | | $ | $ |
| *Charges,* | U.S. Bankruptcy Court | $ | $ |
| *Fees,* | United States Trustee | $ | $ |
| *Other* | | $ | $ |
| *Trustee* | Charles J. Myler | $ | $ 34.09 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|

**UST Form 101-7-TFR (9/1/2009)**

| | | | |
|---|---|---|---|
| *Attorney for debtor* | _____ | $_____ | $_____ |
| *Attorney for* | _____ | $_____ | $_____ |
| *Accountant for* | _____ | $_____ | $_____ |
| *Appraiser for* | _____ | $_____ | $_____ |
| *Other* | _____ | $_____ | $_____ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $41,508.20 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 4P-2 | Sheet Metal Workers' Local 265 Educational Fund | $ 1,602.93 | $ 1,602.93 |
| 5P-2 | Sheet Metal Workers' Local 265 Industry Fund | $ 522.77 | $ 522.77 |
| 6P-2 | Sheet Metal Workers' Local 265 Supplemental Retire. | $ 10,700.99 | $ 10,700.99 |
| 7P-2 | Sheet Metal Workers' Local 265 Pension Fund | $ 10,481.66 | $ 10,481.66 |
| 8P-2 | Sheet Metal Workers' Local 265 Welfare Fund | $ 18,199.85 | $ 18,199.85 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 1,151,421.46 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.5 percent.

Timely allowed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| 1 | Central Furnace Supply Company | $ | 203,202.96 | $ | 1,086.43 |
| 2 -2 | Selective Insurance Company | $ | 2,208.13 | $ | 11.81 |
| 3 | Selective Insurance Company | $ | 2,208.13 | $ | 11.81 |
| 4U-2 | Sheet Metal Workers' Local 265 Educational Fund | $ | 4,500.41 | $ | 24.06 |
| 5U-2 | Sheet Metal Workers' Local 265 Industry Fund | $ | 1,479.63 | $ | 7.91 |
| 6U-2 | Sheet Metal Workers' Local 265 Supplemental Retire | $ | 29,956.93 | $ | 160.17 |
| 7U-2 | Sheet Metal Workers' Local 265 Pension Fund | $ | 6,778.99 | $ | 36.24 |
| 8U-2 | Sheet Metal Workers' Local 265 Welfare Fund | $ | 1,819.99 | $ | 9.73 |
| 9 -2 | Sheet Metal Workers' Local 265 Savings Fund | $ | 5,437.50 | $ | 29.07 |
| 10 | Sheet Metal Workers' National Pension Fund | $ | 1,905.13 | $ | 10.19 |
| 11 | SASMI Trust Fund | $ | 4,958.05 | $ | 26.51 |
| 12 | Steiner Electric Co | $ | 383.13 | $ | 2.05 |
| 13 | G W Berkhelmer Co Inc | $ | 87.88 | $ | 0.47 |
| 14 | Temp Excel Properties LLC dba | $ | 88.24 | $ | 0.47 |
| 15 | GNT Limousine | $ | 1,176.00 | $ | 6.29 |
| 16 | Lenno Industries Inc | $ | 31,360.87 | $ | 167.67 |
| 17 | Temperature Equipment Corp | $ | 603,847.70 | $ | 3,228.49 |
| 18 | Illinois Business Systems Inc | $ | 760.00 | $ | 4.06 |
| 19 | E J Mercado Landscape Inc | $ | 1,032.00 | $ | 5.52 |
| 20 | Wright Express | $ | 13,231.92 | $ | 70.74 |
| 21 | York International Corp | $ | 2,743.64 | $ | 14.67 |
| 22 | Yellow Book Sales & Distribution Inc | $ | 16,900.00 | $ | 90.36 |
| 23 | Citibank South Dakota NA | $ | 896.56 | $ | 4.79 |
| 24 | Dundee Press Inc | $ | 481.00 | $ | 2.57 |
| 25 | Central Furnace Supply Co | $ | 213,976.67 | $ | 1,144.03 |

Tardily filed claims of general (unsecured) creditors totaling $ 185.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 26 | D.Cline, Paralegal | $ 185.00 | $ 0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | N/A | | |

The amount of surplus returned to the debtor after payment of all claims and interest is $ 0.00.

UST Form 101-7-TFR (9/1/2009)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| *In Re:* | ) | Chapter 7 |
| | ) | Bankruptcy No. 09 B 01238 |
| POLAR HEATING & COOLING, INC., | ) | Judge Manuel Barbosa |
| | ) | |
| Debtor(s). | ) | |

### TRUSTEE'S APPLICATION FOR
### COMPENSATION AND EXPENSES

TO:    THE HONORABLE MANUEL BARBOSA, BANKRUPTCY JUDGE

NOW COMES Charles J. Myler, Trustee herein, pursuant to 11 U.S.C. §330, and

requests $6,373.73 as compensation and $34.09 for reimbursement of expenses, $0.00 amount of

which has previously been paid.

### I. COMPUTATION OF COMPENSATION

Total disbursements to parties in interest, excluding the Debtor, but including holders of

secured claims are $62,474.63.  Pursuant to 11 U.S.C. §326, compensation should be computed

as follows:

| | | |
|---|---|---|
| 25% of first $5,000.00 | $1,250.00 | ($1250.00 max.) |
| 10% of next $45,000.00 | $4,500.00 | ($4500.00 max.) |
| 5% of next $950,000.00 | $623.73 | |
| 3% of  balance | $0.00 | |
| TOTAL COMPENSATION | $6,373.73 | |

EXHIBIT E

II. TRUSTEE'S EXPENSES

| | |
|---|---|
| Copies | $0.00 |
| Postage | $0.00 |
| Long distance telephone | $0.00 |
| Fax transmission expense | $8.75 |
| Computer research | $0.00 |
| Mileage to Geneva | $0.00 |
| Clerical | $0.00 |
| Blanket Bond | $25.34 |

TOTAL EXPENSES                    $34.09

The undersigned certifies under penalty of perjury that no agreement or understanding exists between the undersigned and any other person for sharing of compensation prohibited by the Bankruptcy Code. No payments have previously been made or promised in any capacity in connection with the above case.

Executed this 2nd day of July, 2010.

/s/ Charles J. Myler
Charles J. Myler, Trustee, ARDC# 20080602
105 E. Galena Blvd., 8th Floor
Aurora, IL 60505
(630) 897-8475

EXHIBIT F

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

0

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | Bankruptcy No. 09 B 01238 |
| POLAR HEATING & COOLING, INC., | ) | Judge Manuel Barbosa |
| | ) | |
| Debtor(s). | ) | |

## APPLICATION OF TRUSTEE'S COUNSEL OR OTHER PROFESSIONALS
## FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

TO:    HONORABLE MANUEL BARBOSA, BANKRUPTCY JUDGE

Myler, Ruddy & McTavish, counsel for the Trustee pursuant to 11 U.S.C. §330 and

FRBP 2016 submits this application for compensation and reimbursement of expenses and

represents to the Court as follows:

1.      An order for relief under Chapter 7 was entered on January 16, 2009. This Court

on March 6, 2009 authorized the employment of the Applicant to serve as counsel for the

Trustee. Counsel has received $0 in previously awarded compensation and reimbursement of

expenses.

2.      Applicant requests $8,402.50 in compensation for 26.1 hours of services

performed for the period October 15, 2009 through September 30, 2010, and reimbursement of

actual expenses in the amount of $0.00.

3.      A description of the nature of the services rendered by the Applicant is as follows:

Trustee counsel moved to obtain turnover of funds held by assignee for benefit of creditors and

eventually filed motion to require same and to require corporate president to cooperate in

providing information for schedules and other information needed for Chapter 7 bankruptcy.

Trustee counsel investigated claim that a successor corporation had taken over debtor's business

and interviewed prior principal of debtor corporation. Trustee counsel reviewed priority claims

of pension funds to attempt to verify accuracy. Trustee counsel assisted trustee in preparing this

final report.

4.      Attached as Exhibit "F" is an itemized statement of the legal services rendered.
The statement reflects the legal services rendered, the person who performed those services and a description of the work performed.

5.      The time expended and services rendered by Applicant is summarized as follows:

| Attorney | Hours | Hourly Rate | Total |
|----------|-------|-------------|-------|
| CJM | 22.9 | $325.00 | $7,442.50 |
| RGL | 3.20 | $300.00 | $960.00 |

6.      The categories and number of hours in which applicant performed services are as follows:

(1) Asset Analysis and Recovery: Identification and review of potential assets including causes of action and non-litigation recoveries - 7.9 hrs.

(2) Asset Disposition: Sales, leases (§365 matters), abandonment and related transaction work - 0 hrs.

(3) Business Operations: Issues related to debtor-in-possession operating in Chapter 11 such as employee, vendor, tenant issues and other similar problems - 0 hrs.

(4) Case Administration: Coordination and compliance activities, including preparation of statement of financial affairs; schedules; list of contracts; United States Trustee interim statements and operating reports; contacts with the United States Trustee; general creditor inquiries - 11.2 hrs.

(5) Claims Administration and Objections: Specific claim inquiries, bar date motions, analyses, objections and allowances of claims - 5.0 hrs.

(6) Employee Benefits/Pensions: Review issues such as severance, retention, 401K coverage and continuance of pension plan - 0 hrs.

(7) Fee/Employment Applications: Preparation of employment and fee applications and fee applications of others - 2.0 hrs.

(8) Fee/Employment Objections: Review of and objections to the employment and fee

applications of others - 0 hrs.

(9) Financing: Matters under §§361,363 and 364 including cash collateral and secured claims; loan document analysis - 0 hrs.

(10) Litigation - 0 hrs.

(11) Meetings of Creditors: Preparing for and attending the conference of creditors, the §341(a) meeting, and other creditors' committee meetings - 0 hrs.

(12) Plan and Disclosure Statement: Formulation, presentation and confirmation, compliance with the plan confirmation order; related orders and rules; disbursement and case closing activities, except those related to the allowance and objection of claims - 0 hrs.

(13) Relief from Stay Proceedings: Matters relating to termination or continuation of automatic stay under §362 - 0 hrs.

Total          26.1 hrs

7.       Based on the nature, extent and value of services performed by the Applicant, the results achieved, and the costs of comparable services, the compensation and reimbursement of expenses sought are fair and reasonable

8.       At all times during Applicant's representation of the Trustee, Applicant was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which Applicant was employed.

**WHEREFORE**, Applicant requests that it be awarded reasonable compensation of $8,402.50 and reimbursement of actual and necessary expenses of $0.00 for legal services rendered in this case.

RESPECTFULLY SUBMITTED,
Myler, Ruddy & McTavish
/s/ Charles J. Myler
Charles J. Myler, ARDC# 2008602

DATE: July 2, 2010

Myler, Ruddy & McTavish
105 East Galena Blvd.
8th Floor
Aurora, IL  6050

Invoice submitted to:
United States Trustee

July 02, 2010

In Reference To:   Polar Heating & Cooling, Inc.
                   09 01238
                   Involuntary Bankruptcy

Invoice #17743

Professional Services

| | | | Category | Hours | Amount |
|---|---|---|---|---|---|
| 10/15/2009 | CJM | Prepare motion, notice and order to employ attorneys for trustee; file | 7 | 1.00 | 325.00 |
| 10/28/2009 | CJM | Review creditors list from assignee; telephone conference with assignee to attempt to review bidding | 1 | 1.00 | 325.00 |
| 10/29/2009 | RGL | Travel to Geneva on motion to employ attorneys for trustee | 7 | 1.00 | 300.00 |
| 10/30/2009 | CJM | Review list of assets supplied by Rally Capital (assignee); telephone conference with Rally Capital with Dan Lee re: assets; telephone conference with Richard Pfeiffer, original Polar attorney,re: schedules and principals involved | 1 | 1.20 | 390.00 |
| 11/13/2009 | CJM | Telephone conference with Richard Penna re: obtaining schedules of debtor for information on bids at trustee sale | 1 | 1.00 | 325.00 |
| 11/18/2009 | CJM | Research re: involuntary turnover; prepare turnover petition under Sec. 543 requiring Rally Cpaital and Reliable Liquidators to turn over funds and provide accounting to trustee re: sale by assignee | 1 | 2.50 | 812.50 |
| 11/19/2009 | CJM | Drafting court order re: turnover and prepare modifications to petition and notice | 1 | 1.00 | 325.00 |
| 12/17/2009 | RGL | Travel to Geneva on motion for turnover from assignee | 1 | 1.20 | 360.00 |



EXHIBIT
F

United States Trustee

Page    2

| Date | | Description | Category | Hours | Amount |
|------|------|------|----------|-------|--------|
| 1/8/2010 | CJM | Review file re: preparation of schedules; telephone call to Arctic Heating to reach J. Iverson, president of Polar; preparation of letter to home of Mr. Iverson | 4 | 1.20 | 390.00 |
| 1/15/2010 | CJM | Conference with J. Iverson, former Polar president, re: completing schedules; prepare first draft of schedules | 4 | 2.50 | 812.50 |
| 1/19/2010 | CJM | Complete draft of schedules and fax to debtor president for signature | 4 | 1.50 | 487.50 |
| 6/30/2010 | CJM | Review 6 union priority employee benefit claims for priority under 507(a)(5); telephone call to Beverly Alfon, union attorney, to review priority under statute and amount of claim | 5 | 3.00 | 975.00 |
| | CJM | Review of all remaining non-union claims for disbursement of remaining funds | 5 | 2.00 | 650.00 |
| 7/2/2010 | CJM | Prepare final report | 4 | 5.00 | 1,625.00 |
| 9/30/2010 | RGL | Travel to Geneva for hearing on final report (estimated) | 4 | 1.00 | 300.00 |
| | | TOTALS | | 26.10 | $8,402.50 |